**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

Plaintiff - Appellee,

v.

CHOICE ADVISORS, LLC; MATTHIAS
O'MEARA,

Defendants - Appellants.

No. 24-6447

D.C. No.
3:21-cv-01669-JO-MSB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Submitted November 19, 2025
Submission Vacated January 15, 2026
Resubmitted July 21, 2026[**]
Pasadena, California

Before: CLIFTON, BYBEE, and DE ALBA, Circuit Judges.

Appellants, Matthias O'Meara and his company Choice Advisors, LLC,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal part of the district court's summary judgment order and the remedies imposed against Appellants for violating Securities and Municipal Securities Rulemaking Board ("MSRB") laws and for breaching their fiduciary duties in providing municipal advisory services. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo. *SEC v. Husain*, 70 F.4th 1173, 1180 (9th Cir. 2023). The district court's determination of remedies is reviewed for abuse of discretion. *See SEC v. Murphy (Murphy II)*, 50 F.4th 832, 842 (9th Cir. 2022) (civil penalties and injunction); *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010) (disgorgement).

1. Appellants challenge the district court's finding that their agreement with BB&T constitutes an illegal fee-splitting arrangement under MSRB Rule G-42(e)(1)(D). The district court correctly determined that this agreement constitutes an illegal fee-splitting arrangement. When the interpretation of a statute is at issue, the analysis begins with the plain language of the statute. *United States v. Johnson*, 680 F.3d 1140, 1144 (9th Cir. 2012). By its plain language, the Rule broadly prohibits "making, or participating, in *any fee-splitting arrangement . . . .*" MSRB Rule G-42(e)(i)(D) (emphasis added). Although the provision does not define "fee-splitting," dictionaries define it as "payment by a specialist (such as a doctor or a lawyer) of a part of his or her fee to the person who made the referral,"

or "giving to a colleague who makes the referral part of the fee charged to a referred client or patient."[1]  This supports the district court's finding that the provision broadly prohibits *all* fee division agreements between municipal advisors and bank underwriters.

Here, the undisputed record shows that Appellants and BB&T agreed that BB&T would split its traditional 2% underwriting fees with Appellants for every client Appellants referred to BB&T for underwriting services.  The record also shows that the arrangements between BB&T and Choice involved municipal securities transactions where the charter schools retained Choice as municipal advisor, Choice engaged in advising activities, and BB&T was the underwriter for these securities transactions.

Appellants argue that their agreement with BB&T does not fall under the prohibitions of Rule G-42 because the underwriting fee payment was structured to go to both parties simultaneously.  But how a fee-splitting payment is structured is irrelevant.  What matters is the existence of a fee-splitting agreement between an underwriter and a municipal advisor because its existence creates a self-interested financial incentive for the municipal advisor to direct its clients to a particular bank

---

[1]    *See* Merrian-Webster.com, https://www.merriam-webster.com/dictionary/fee%20splitting (last visited October 3, 2025) https://perma.cc/AE47-AGAV, and Collinsdictionary.com, https://www.collinsdictionary.com/dictionary/english/fee-splitting (last visited October 3, 2025) https://perma.cc/J2PC-X6YR, respectively.

underwriter thereby, creating a conflict of interest—precisely what MSRB Rule 42 was created to prevent. *See* MSRB Rule G-42(a)(ii) (stating that municipal advisors are subject to fiduciary duties); *SEC v. Cap. Gains Rsch. Bureau, Inc.*, 375 U.S. 180, 194 (1963).[2] Thus, the district court did not err in finding Appellants' fee-splitting arrangement illegal.

2. Appellants also challenge the remedies imposed against them which include injunctive relief, disgorgement, and civil penalties. The district court did not abuse its discretion in permanently enjoining Appellants from future violations of the federal securities laws. The district court properly evaluated the *Murphy* factors to determine whether there was "a reasonable likelihood of future violations of the securities laws," and correctly concluded that the factors favored a permanent injunction. *SEC v. Fehn*, 97 F.3d 1276, 1295–96 (9th Cir. 1996) (quoting *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980)). Specifically, the district court correctly found that Appellants were likely to violate securities laws in the future because they planned to continue providing municipal advisory services to, often unsophisticated, charter school clients; they failed to fully appreciate the wrongfulness of their conduct; and despite taking precautions and

---

[2] Appellants try to "incorporate" by reference a Due Process argument presented to the district court in their motion to dismiss. This argument is waived because Appellants failed to brief it in their opening brief. *See also* Ninth Cir. R. 28(a)(8), 28-1(b); Fed. R. App. P. 28(a)(8); *Retlaw Broad. Co. v. N.L.R.B.*, 53 F.3d 1002, 1005 n.1 (9th Cir. 1995).

not intending to cheat their clients, they still failed to police themselves and knowingly and actively violated securities laws.  *See Murphy*, 626 F.2d at 655; *Fehn*, 97 F.3d at 1296.

Appellants' assertions that their conduct constitutes simple negligence and therefore, not enough to warrant a permanent injunction are mistaken.  Appellants' actions constitute more than simple negligence because they acted with disregard in following compliance regulations, such as registering with the appropriate agencies, and actively and knowingly engaged in municipal advisory activities and acted in a dual capacity as an underwriter and an advisor, among other things.  Although scienter must be proved before an injunction is granted when scienter is an element of the substantive provisions sought to be enjoined—which is not the case here—proof of scienter is not required otherwise.  *See Aaron v. SEC*, 446 U.S. 680, 701 (1980); *Murphy*, 626 F.2d at 654.  Thus, the district court acted within its discretion in issuing the permanent injunction.

The district court also did not abuse its discretion in ordering disgorgement and prejudgment interest of the ill-gotten gains from Appellants' violations.  Afterall, these are gains that Appellants were not entitled to receive in the first place because they were not authorized to give municipal securities advice to clients since Appellants were not properly registered.  *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1191 (9th Cir.1998); *SEC v. Feng*, 935 F.3d 721, 737 (9th Cir.

2019).  As to Appellants' argument that disgorgement should not be issued absent pecuniary harm to investors, we recently held that the SEC is not required to show that investors suffered pecuniary harm as a precondition to a disgorgement award under Sections 78u(d)(5) or (d)(7).  *See SEC v. Sripetch*, 154 F.4th 980, 985 (9th Cir. 2025), *aff'd sub nom.* No. 25-466, 2026 WL 1593329 (U.S. June 4, 2026).

Likewise, the district court acted within its discretion in imposing civil penalties because it reasonably found that additional deterrence was warranted given Appellants' knowing misconduct and failure to fully appreciate its wrongfulness.  *See* 15 U.S.C. § 78u(d)(3)(B)(i)-(iii).  Although the district court considered Appellants' general assertion that they did not have the ability to pay, the district court correctly determined that Appellant's failed to support their claims with quantifiable evidence.  *See Murphy II*, 50 F.4th at 847.  Accordingly, civil penalties were properly imposed.

**AFFIRMED.**[3]

---

[3]  Appellants' Motion to File Supplemental Briefing (Dkt. No. 47) is DENIED.

24-6447